UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LEFLORIS LYON                                                                                          PLAINTIFF

V.                                                                       CIVIL ACTION NO. 4:10CV185DPJ-FKB

CANADIAN NATIONAL RAILWAY COMPANY, ET AL.                              DEFENDANTS

ORDER

This matter is before the Court on pro se plaintiff Lefloris Lyon's Motion to Dismiss and for Summary Judgment to Counterclaim of Wise Carter Defendants [37].[1] Although the motion and supporting memorandum [38] seek dismissal of "counterclaims" in the plural, the only counterclaim addressed is Count VI, in which Defendants Wise Carter Child & Caraway, P.A. ("Wise Carter"), Charles H. Russell, and George H. Ritter (collectively "Defendants" or "Counterclaimants") assert a claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"). For the reasons that follow, the Court finds that the motion should be denied.

I.     Background

Lyon is a paralegal formerly employed by the Wise Carter law firm. He sued Wise Carter and various other defendants asserting a wide variety of claims. In Count VI of their counterclaim, Defendants allege that Lyon "intentionally accessed one or more Wise Carter computers and/or the Wise Carter computer system without authorization or by exceeding his authorized access in order to view, obtain and remove privileged and confidential information,"

---

[1] Lyon also filed a Motion for Partial Summary Judgment [50] on his Sarbanes-Oxley Act claim. Because the case was stayed pending a ruling on the motions to dismiss, that motion was not briefed by the parties, and on the record as it now stands, the motion would be denied. Rather than have the parties resume the briefing on the motion just as discovery is getting underway, the Court will deny the motion without prejudice to Lyon's right to reassert it once the parties have engaged in discovery.

and that he "did view, obtain and remove privileged and confidential information from Wise Carter's computers and computer system." Counterclaim [30] ¶¶ 51–52.  They assert a violation of CFAA and invoke its civil remedies under § 1030(g).  Lyon generally seeks dismissal of this counterclaim arguing that (1) he disagrees with the factual averments and applicability of CFAA; (2) Defendants failed to allege "damage" or "loss" as those terms are defined in the statute; and (3) the claim is time barred.

II.     Standards

The Court provided a more detailed description of the legal standards in a separate order filed on this date.  Generally speaking, Rule 12(b)(6) requires the court to "accept[] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When, as in this case, the moving party alternatively seeks summary judgment and provides evidence outside the complaint, the Court may convert the motion pursuant to Rule 12(d) and consider the evidence.  But in this case, the "evidence" Lyon submitted with his motion is not competent and does not appear to have any bearing on his arguments.  The evidence he submitted in reply may be more substantive, but courts generally do not consider new issues raised in reply.  Regardless, "Rule 12(b) gives a district court complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion." *Isquith for & on Behalf of Isquith v. Middle S.*

2

*Utils., Inc.*, 847 F.2d 186, 194 n.3 (5th Cir. 1988) (citations and quotations omitted).  This motion will not be converted.

III.	Analysis

Count VI tracks the statutory language of the CFAA, which makes it a federal crime to "intentionally access a computer without authorization or [in excess of one's] authorized access" and obtain "information from any protected computer."  18 U.S.C. § 1030(a)(2)(C).  It also provides a civil cause of action:

> Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief.

18 U.S.C. § 1030(g).

1.	Substantive Arguments

As an initial matter, Lyon's contention that he did nothing to violate the statute is not sufficient under Rule 12(b)(6).  But he raises a more compelling argument when he states that Defendants failed to aver "damage" or "loss."  Count VI alleges as follows:

> The Counterclaimants have suffered damages and loss as a result of Lyon's intentional and unauthorized access of the Wise Carter computer system, including but not limited to, the payment of attorneys' fees for the purpose of responding to and attempting to prevent Lyon's improper public disclosure of the privileged and confidential materials, and lost productivity and profitability as a result of having to devote time and attention to Lyon's improper public disclosure of the privileged and confidential materials.

Counterclaim [30] ¶ 53.  The allegations of Count VI therefore describe Counterclaimants' "damage" or "loss" in terms of costs associated with responding to Lyon's public disclosure of privileged and confidential materials that he allegedly copied from the Wise Carter computer

system.  "Damage" and "loss" are defined terms, but the Fifth Circuit has never interpreted them in a relevant context.

Starting with "damage," CFAA defines the word as "any impairment to the integrity or availability of data, a program, a system, or information."  18 U.S.C. § 1030(e)(8).  In this case, it is not apparent from the averments that the data, program, system, or information were impaired. *See*, *e.g.*, *Compare Farmers Ins. Exch. v. Auto Club Group*, No. 11C1332, 2011 WL 4888889, at *4 (N.D. Ill. Oct. 13, 2011) (stating that damage includes "the destruction, corruption, or deletion of electronic files, the physical destruction of a hard drive, or any 'diminution in the completeness or usability of the data on a computer system'" and noting that "the mere copying of electronic information from a computer system is not enough to satisfy the CFAA's damage requirement") (quoting *Cassetica Software, Inc. v. Computer Sciences Corp.*, No. 09C0003, 2009 WL 1703015, at *3 (N.D. Ill. June 18, 2009)) (additional citations omitted); *Condux Intern. Inc. v. Haugum*, No. 08-4824 ADM/JSM, 2008 WL 5244818, at *7 (D. Minn. Dec. 15, 2008) (relying on the definition of "integrity" ("wholeness" or "soundness") to conclude that the CFAA's definition of damage requires "some diminution in the completeness or useability of data or information on a computer system").  Accordingly, the Court finds that Counterclaimants have not sufficiently pleaded a claim for "damage" under § 1030.

Whether they successfully pleaded a "loss" is a closer question.  CFAA defines that term as:

> any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

4

18 U.S.C. §1030(e)(11).  This language is potentially susceptible to two interpretations depending on whether the clause "because of interruption of service" modifies the entire provision or just "revenue lost, cost incurred, or other consequential damages."  There appear to be no circuit opinions directly on point, and the district courts have split.  *Compare Dice Corp. v. Bold Techs.*, 11-13578, 2012 WL 263031 (E.D. Mich. Jan. 30, 2012) (finding that "loss" does not require interruption), *with M-I LLC v. Stelly*, 733 F. Supp. 2d 759, 780 (S.D. Tex. 2010) ("[C]ase law has consistently interpreted the loss provision to encompass only the costs incurred as a result of investigating or remedying damage to a computer, or costs incurred because the computer's service was interrupted.").

   The Court finds that interruption is not required to prove "loss."  "The primary rule of statutory construction is to ascertain the intent of the legislature from the statute as a whole and from the language used therein."  *Great Am. Ins. Co. of N.Y. v. Lowry Dev., LLC*, 576 F.3d 251, 255 (5th Cir. 2009) (citations and punctuation omitted).  It is an elementary rule of statutory construction that "the words of a statute will be given their plain meaning absent ambiguity."  *Tex. Food Indus. Ass'n v. United States Dept. of Agric.*, 81 F.3d 578, 582 (5th Cir. 1996).  Looking first to the language of the statute, the language is potentially ambiguous.  But the rules of construction clear the picture.  First, limiting the interruption clause to the preceding phrase is true to the maxim *reddendo singula singulis*.  Under that rule of statutory construction, "a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows."  *United States v. Kerley*, 416 F.3d 176, 180 (2d Cir. 2005) (citations and quotations omitted).  Congress is presumed to know the rules of construction.  *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 496 (1991).

5

In addition, the disputed language must be read in context, and "[w]e are to construe statutes to give effect to all words and phrases, if possible." *Heaven v. Gonzales*, 473 F.3d 167, 176 (5th Cir. 2006). Here, the provision allowing civil remedies begins with the broad statement that "loss" includes "*any* reasonable cost to *any* victim" without qualification. 18 U.S.C. §1030(e)(11) (emphasis added). It then lists examples of losses that are recoverable to include "the cost of responding to an *offense*." *Id*. (emphasis added). The statute does not say "cost of responding to an interruption." And had Congress intended to limit "any victim" to "any victim suffering an interruption," then it could have easily said so. Moreover, nothing else within § 1030 suggests that Congress intended to compensate those victims suffering an interruption but not those who suffered other costs without an interruption. In fact, the legislative history suggests that an interruption is not necessary to establish a "loss." *See generally Dice Corp.*, 11-13578, 2012 WL 263031 (E.D. Mich. Jan. 30, 2012) (followed by *Trademotion, LLC v. Marketcliq, Inc.*, No. 6:11–cv–1011–Orl–36DAB, 2012 WL 682737, at *1 (M.D. Fla. Feb. 14, 2012)).

Finally, Lyon argues that to recover there must exist damage to the data. But § 1030(g) is in the disjunctive and allows recovery for "damage *or* loss." 18 U.S.C. § 1030(g) (emphasis added). Lyon's interpretation would make the provisions redundant. *See Heaven*, 473 F.3d at 176 ("We are to construe statutes to give effect to all words and phrases, if possible."); *cf*., *A.V. ex rel. Vanderhye v. iParadigms, LLC*, 562 F.3d 630 (4th Cir. 2009) (concluding that "loss" includes "costs incurred as part of the response to a CFAA violation, including the investigation of an offense" without regard to whether the plaintiff suffered any actual economic damages); *Nexans Wires S.A. v. Sark-USA, Inc.*, 166 F. App'x 559, 562 (2d Cir. 2006) (noting that "the

plain language of the [CFAA] treats lost revenue as a different concept from incurred costs, and permits recovery of the former only where connected to an 'interruption in service'" but concluding that "business damage assessments relating to data stolen in the course of a CFAA violation" are not "losses" under CFAA where the focus of the assessments is "the business loss associated with the misappropriation").  The Court therefore finds that the counterclaim adequately pleads a claim under the CFAA.

### 2. Statute of limitations

Lyon also claims that Count VI is untimely.  Dismissal under Rule 12(b)(6) may be proper "where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (cited in *Jaso v. Coca Cola Co.*, 435 F. App'x 346, 351–52 (5th Cir. 2011) (also citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 at 714–21 (3d ed. 2004) ("[T]he inclusion of dates in the complaint indicating that the action is untimely renders it subject to dismissal for failure to state a claim."))).  Here, Counterclaimants included a basis for tolling, so the CFAA claim was sufficiently pleaded and survives Rule 12(b)(6) review.

## IV. Conclusion

For the foregoing reasons, Lyon's Motion to Dismiss and for Summary Judgment to Counterclaim of Wise Carter Defendants [37] is DENIED.  Lyon's Motion for Partial Summary Judgment [50] is DENIED WITHOUT PREJUDICE.

**SO ORDERED AND ADJUDGED** this the 10th day of April, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

7