UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LEFLORIS LYON                                                                                       PLAINTIFF

V.                                                                       CIVIL ACTION NO. 4:10CV185DPJ-FKB

CANADIAN NATIONAL RAILWAY COMPANY, ET AL.                              DEFENDANTS

ORDER

This pro se cause is before the Court on the motions [40, 44] of Defendants Michael Novak, Laird J. Pitz, Constance Valkan (collectively "the Non-Resident Defendants"), Illinois Central Railroad Company ("ICRC"), and Canadian National Railway Company ("CNR") to dismiss the Complaint for failure to state a claim. The motions have been fully briefed, a hearing was conducted, and the matters raised are now ripe for decision.

I.   Facts and Procedural History

This case arises out of Plaintiff Lefloris Lyon's employment as a paralegal for Defendant Wise Carter Child & Caraway, P.A. ("Wise Carter"). Lyon began his employment with Wise Carter in July 2003. Compl. [1] ¶ 14. While so employed, he worked on the CN ACT Project, which was apparently an effort to collect and maintain in a single database information on litigation pending against CNR's subsidiaries across the country. *See* Compl. [1] ¶ 100. According to Lyon, the project was actually a "scheme . . . resulting in fraud against" the shareholders of CNR. *Id.* ¶ 15. Lyon avers that he complained about the scheme to his supervising attorney(s), and that he was thereafter terminated in violation of the Sarbanes-Oxley Act ("SOX"). *Id.* ¶ 157.

In his Complaint, Lyon asserts claims based on SOX and the Racketeer Influenced and Corrupt Organizations Act ("RICO") against CNR, ICRC, the Non-Resident Defendants, Wise

Carter, and Wise Carter attorneys Charles H. Russell and George H. Ritter.[1]  The Complaint also asserted claims based on mail and wire fraud (Count 2); the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") (Count 3); exposure and risk (Count 4); fraud (also labeled Count 4); and the Rules of Professional Responsibility for Attorneys (Count 5), but Lyon conceded dismissal of those claims during oral argument.  Thus, the SOX and RICO claims form the basis of his suit.  ICRC, CNR, an the Non-Resident Defendants moved to dismiss.

In a February 22, 2011, telephone conference with the Court, all parties agreed that the pending motions [41, 44] were fully briefed—including surreplies—and were ripe for consideration by the Court.  Order [125] 2–3.  Nevertheless, since then, Lyon has filed a number of motions [126, 130, 132, 204] seeking a stay of a decision on the motions to dismiss in order to engage in discovery.  Because Plaintiff agreed that further discovery was not necessary, and because no discovery is needed to rule on the Rule 12(b)(6) issues presented, Plaintiff's motions [126, 130, 132, 204] are denied.

Finally, Defendants also moved under Rule 12(b)(2).  Lyon conceded that he had no basis for personal jurisdiction as to Defendants Novak and Pitz, and he otherwise failed to make a prima facie showing as to the remaining Defendants.  Nevertheless, the Court alternatively turns to the Rule 12(b)(6) question whether Plaintiff adequately pleaded claims against these Defendants.  Finding that he did not, the claims will be dismissed without prejudice.  As Lyon stated during the hearing, it is his strong desire to proceed with general discovery.  Defendants admitted that should he discover facts establishing liability and jurisdiction, Lyon may seek

---

[1]The Complaint also listed as defendants the U.S. Department of Labor and the Occupational Safety and Health Administration.  *See* Compl. [1].  Those parties were dismissed with prejudice on January 19, 2011.  Order [77].

leave to amend and bring these defendants back into this suit. Thus, the dismissal allows the case get back on track without prejudice to Lyon's ability to prove up his claims if that is what the evidence shows.

II.     Standards

Under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

The Supreme Court's recent examination of the issue in *Iqbal* provides a framework for examining the sufficiency of a complaint. First, the district court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of

truth." *Id.* Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Finally, the Court may consider matters outside the Complaint in two ways. First, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Second, the court has discretion to convert the motion to dismiss into a motion for summary judgment. Rule 12(d) provides as follows: "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

III.   Analysis

    A.   SOX Claim

Title 18 U.S.C. § 1514A creates a private cause of action for certain employees who are retaliated against for whistleblowing:

> (a) No company with a class of securities registered under section 12 of the Securities and Exchange Act of 1934 (15 U.S.C. 78l), or that is required to file

> reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78o(d)) including any subsidiary or affiliate whose financial information is included in the consolidated financial statements of such company, . . . or any officer, employee, contractor, subcontractor, or agent of such company . . . may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms or conditions of employment because of any lawful act done by the employee—
>
>> (1) to provide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of . . . any provision of Federal law relating to fraud against shareholders, when the information or assistance is provided to or the investigation is conducted by—
>
> . . . .
>
>> (C) a person with supervisory authority over the employee . . . .
>
> . . . .
>
> (b) (1) A person who alleges discharge or other discrimination by any person in violation of subsection (a) may seek relief . . . by—
>
>> (A) filing a complaint with the Secretary of Labor; or
>
>> (B) if the Secretary has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant, bringing an action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy.

18 U.S.C. § 1514A.

    The moving defendants contend that Lyon has not pleaded a whistleblower claim in part because he has not adequately alleged that they were involved in the termination of employment. Looking at the Complaint, Lyon avers that he was involved in maintaining a database known as the CN ACT Project, that he asked to be removed from the project, and that Wise Carter sought

permission to outsource maintenance once Lyon was no longer involved. Compl. [1] ¶¶ 140–45. He then explains the claim against the Non-Resident Defendants as follows:

> [C]ontracting with Choice Copy Service was an adverse employment action and a fraud against CN stockholders by CN, Novak, Pitz, Valkan as the final decision-makers in connection with the employment matters here, effectively terminating Plaintiff's employment . . . .

*Id.* at ¶ 144.

Even if the Court could take the counter-intuitive leap Lyon urges, the Complaint still suffers from several gaping defects as to the Non-Resident Defendants. First, there is no indication that any of them knew who Lyon was. Second, there is no averment that they knew he had engaged in alleged protected activity by questioning the legality of the CN ACT Project. Third, there is no indication that they knew outsourcing meant Lyon would lose his job. And finally, there is no suggestion that they took any other action to approve or encourage a retaliatory discharge—assuming Wise Carter actually terminated Lyon's employment as he contends. Lyon admitted all of this as to Novak and Pitz, but contested the issue as to Defendant Valkan with record evidence incapable of establishing these essential elements. Regardless, he lumped these Defendants together in his factual averments, and there is no averment sufficient to state a claim as to any of them.

Thus, the allegations are remarkably similar to those the Supreme Court found insufficient in *Iqbal*. 129 S. Ct. at 1951 (holding that the following averments were nothing more than "bald allegations" not entitled to presumption of truth: (1) that "petitioners 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest'"; (2) that "Ashcroft was the 'principal

architect' of this invidious policy"; and (3) "that Mueller was 'instrumental' in adopting and executing" the policy).  Bare allegations that the Non-Resident Defendants were involved in an employment decision regarding Lyon are not entitled to the presumption of truth and are insufficient under the Federal Rules of Civil Procedure.  *See id.* at 1949.

Absent a viable claim against the Non-Resident Defendants, Lyon likewise cannot state a claim against their employer ICRC, and there are no allegations sufficient to state a claim against ICRC's ultimate parent corporation CNR.[2]  The Complaint fails under Rule 12(b)(6).  That said, "a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibility result in dismissal of the complaint with prejudice to re-filing."  *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citation omitted).  Thus, the dismissal of ICRC, CNR, and the Non-Resident Defendants is without prejudice.  Should discovery unearth evidence of a viable SOX claim, then Plaintiff may seek leave to amend to bring these Defendants back into the case.[3]

---

[2]Lyon alleges, conclusorily, that "[t]here is an agency relationship pertaining to employment matters between CN, IC and Wise Carter."  Compl. [1] ¶ 36.  Like the averments regarding the Non-Resident Defendants, this allegation is not entitled to the presumption of truth and is insufficient to support a SOX claim against ICRC and CNR.  *Iqbal*, 129 S. Ct. at 1949.

[3]The Non-Resident Defendants all submitted affidavits stating that they had no knowledge of Lyon or the termination of his employment until he filed his administrative claim.  Mot. to Dismiss [40], Ex. 2, Novak Decl. ¶ 7; *id.* Ex. 3, Pitz Decl. ¶ 7; Ex. 4, Valkan Decl. ¶ 6.  Lyon takes issue with respect to Valkan, citing an August 2008 email exchange between Valkan and Ritter along with statements given in the OSHA proceedings.  *See* Pl.'s Mot. Partial Summ. J. [50] Ex. 48, Ex. 81, Ex. 82.  This evidence may collectively establish that Valkan agreed to outsource work, but even when viewed in a light most favorable Lyon, it fails to establish that Valkan knew about Lyon, his alleged protected activity, or the termination of his employment.  There is no need to convert under Rule 12(d) because the result would be the same under Rule 56(a).

B.     RICO Claim

Lyon also pursues a RICO claim against all defendants.  To state a civil RICO claim under § 1962, Lyon must allege:  (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 606 (5th Cir. 1998).  "As a preliminary matter, however, [he] must establish that he has standing to sue." *Id.*  The standing provision applicable to civil RICO claims provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor . . . ." 18 U.S.C. § 1964(c).  Thus, Lyon must allege two additional elements—"injury and causation"—to establish his standing to bring his RICO claim.  *Price*, 138 F.3d at 606.  And the injury must be caused by the predicate acts of racketeering activity themselves.  *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985); *see Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457–58 (2006) ("Ideal's theory is that [the defendants] defraud[ed] the New York tax authority . . . . The RICO violation alleged . . . is that the [defendants] conducted [the enterprise's] affairs through a pattern of mail fraud and wire fraud.  The direct victim of this conduct was the State of New York, not Ideal. . . .  The cause of Ideal's asserted harms, however, is a set of actions . . . entirely distinct from the alleged RICO violation.") (concluding plaintiff lacked standing to bring RICO claim).

Lyon alleges that the CN ACT Project, which apparently collected data to assist in a uniform defense to various lawsuits, was actually a "criminal enterprise" devised "to defraud CN shareholders in violation of" various state and federal laws.  Compl. [1] ¶¶ 83, 84.  He alleges

8

that the Non-Resident Defendants[4] engaged in a pattern of racketeering activity through mail and wire fraud and "direct[ed] and participate[d] in the illegal activities of the CN ACT Project." RICO Statement [2] ¶¶2A, 2B, 2C. Specifically, the alleged predicate acts Lyon pleaded include: mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), and securities fraud (18 U.S.C. § 1348).[5] *Id.* ¶ 5a. As to his standing, Lyon alleges that he was injured when "deprived of his employment and primary source of income." *Id.* ¶ 4a. What Lyon fails to allege is that any predicate acts of racketeering activity caused the injury. The closest Lyon comes to alleging causation is his conclusory allegation that the Non-Resident Defendants "approved of the employment actions taken by [Wise Carter] that adversely affected Plaintiff's employment at Wise Carter." Pl.'s Mem. [53] ¶ 21.

As stated above, however, Lyon admitted during the hearing that he cannot yet support the assertion as to Novak and Pitz. Regarding Valkan, the Court holds that Lyon has not met his burden under Rule 12(b)(6) because the conclusory allegations fail to present a plausible claim that Valkan was involved in the decision to terminate Lyon's employment. And to the extent this motion should be converted under Rule 12(d) to consider the evidence upon which Lyon relies, then no reasonable juror could find that Valkan committed a predicate act that caused Lyon to lose his employment. The documents simply do not support Lyon's description of them.

---

[4]Lyon does not appear to separately attribute any actionable conduct to CNR, rather than to its subsidiaries or their employees.

[5]Lyon purports to allege that violations of several additional laws, including SOX and HIPAA, qualify as predicate acts. RICO Statement [2] ¶ 5a. None of those additional laws are "enumerated predicate acts of 'racketeering activity' as listed under 18 U.S.C. § 1961(1)." *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 552 (5th Cir. 2012).

Lyon ultimately fails to sufficiently plead that the Non-Resident Defendants, CNR, or ICRC engaged in any predicate acts that caused his alleged injury—termination from employment. The civil RICO claims against ICRC, CNR, Valkan, Pitz, and Novak will therefore be dismissed without prejudice. As noted above, if Lyon can produce evidence in the course of discovery supporting a claim against these defendants, then he may move to amend.

IV.   Conclusion

For the foregoing reasons, Defendants Novak, Pitz, Valkan, ICRC, and CNR's motions to dismiss [40, 44] are GRANTED under Rule 12(b)(2) and alternatively 12(b)(6), and all claims against them are DISMISSED WITHOUT PREJUDICE. Plaintiff's motion [52] appears do be moot and is DENIED WITHOUT PREJUDICE. Plaintiff's motion [218] to take judicial notice of non-binding authority is DENIED—the Court nevertheless considered all cited authority. Defendants' motion [222] to strike is DENIED as moot. Plaintiff's motion to stay, two motions for miscellaneous relief, and motion for discovery [126, 130, 132, 204] are DENIED.

Finally, now that the Court has ruled on these motions, it appears that the stay should be lifted and that the magistrate judge can now rule on the motions referred to her [153, 179, 208, 214]. The parties are therefore instructed to contact the magistrate judge within two weeks of this order to set the case for status conference. The magistrate judge may then consider lifting the stay and entering a case management order. Finally, the parties are directed to discuss alternative dispute resolution—including the possibility of mediation or binding arbitration—with the magistrate judge.

**SO ORDERED AND ADJUDGED** this the 10th day of April, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE