IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**LEFLORIS LYON**                                                                                             **PLAINTIFF**

**v.**                                                                                      **CAUSE NO. 4:10-CV-185-CWR-MTP**

**WISE CARTER CHILD & CARAWAY**                                                              **DEFENDANTS**
**PA; CHARLES H. RUSSELL; GEORGE**
**H. RITTER**

**ORDER**

Before the Court are plaintiff LeFloris Lyon's motions "for full disclosure of any basis for disqualification" and for disqualification itself. Docket Nos. 357, 360. The defendants have responded, Docket No. 370, Lyon has replied, Docket No. 371, and the motions are ripe for review.

The first motion demands that the Court provide Lyon with written disclosures:

> (1) of any prior relation with any party to this matter; (2) including the practice of law or any other relationship with any party; (3) any adverse litigation against any party; (4) any prior knowledge pertaining to any issue in this case; (5) or personal knowledge of disputed evidentiary facts concerning the proceeding; and (6) or has been a material witness concerning disputed evidentiary facts concerning the proceeding.

Docket No. 357, at 1. Lyon has not cited any authority in support of that broad request. Nor does the request comport with the standards for judicial disqualification. It will be denied.

The second motion, filed four days after the first, asks the Court to disqualify itself from this matter. Docket No. 360. Lyon argues that disqualification is appropriate because the undersigned has allegedly failed "to disclose his knowledge of facts in this matter, his personal interest in this matter, his conflicts with this matter, or act in a fair or timely fashion to protect the Constitutional rights of plaintiff in this case has established bias or misconduct . . . ." *Id.* at 3. In support of his argument, Lyon has attached a copy of a Title VII complaint the undersigned filed while in private practice in *Andrews v. Illinois Central R.R. Co. et al.*, No. 3:06-cv-346 (S.D. Miss. Sept. 20, 2006), as well as a copy of an Order of Recusal the undersigned entered in another case involving Illinois Central, *Harried v. Forman Perry et al.*, No. 3:11-cv-102 (S.D. Miss. Mar. 23, 2011). Docket Nos. 360-1; 367.

Federal law provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28

U.S.C. § 455(a). Section (b) of that statute sets forth a number of additional grounds for disqualification, including where the judge "has a personal bias or prejudice concerning a party," "personal knowledge of disputed evidentiary facts concerning the proceeding," where "in private practice he served as lawyer in the matter in controversy," or "has been a material witness concerning it." *Id.* § 455(b).

"The standard for judicial disqualification under 28 U.S.C. § 455 is whether a reasonable person, with full knowledge of all the circumstances, would harbor doubts about the judge's impartiality." *Matassarin v. Lynch*, 174 F.3d 549, 571 (5th Cir. 1999) (citation omitted). The standard for bias is an objective one: "it is with reference to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person that the objective standard is currently established." *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003) (quotation marks and citation omitted).

> Lyon also has invoked another federal statute, which states that:
>
> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. "The facts and reasons set out in the affidavit must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Parrish v. Bd. of Com'rs of Alabama State Bar*, 524 F.2d 98, 100 (5th Cir. 1975) (quotation marks and citation omitted). Those facts must be material, stated with particularity, show that the bias is personal rather than judicial in nature, and, if true, would convince a reasonable person that bias exists. *United States v. Merkt*, 794 F.2d 950, 960 n.9 (5th Cir. 1986). Like a motion for disqualification filed under § 455, motions pursuant to § 144 are resolved "by applying the reasonable man standard to the facts and reasons stated in the affidavit." *Parrish,* 524 F.2d at 100 (citation omitted).[1]

---

[1] It is not clear that § 144 can be applied here. For one, the statute goes on to state that it must be invoked within 10 days of the start of the term of court. It also provides that an affidavit claiming bias may be filed only once in a case; Lyon has filed several such affidavits in this case. *See* Docket Nos. 166, 321; *see also Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003). Third, courts have found that a *pro se* party "is without the means of satisfying the [statute's] certificate of counsel requirement and is thus unable to seek disqualification under § 144." *Eppley v. Iacovelli*, No. 1:09-cv-386, 2009 WL 1033391, at *1 n.1 (S.D. Ind. April 16, 2009) (citing *Robinson v. Gregory*, 929 F. Supp. 334, 337 (S.D. Ind. 1996)).

It is well-established that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Andrade*, 338 F.3d at 455 (citation omitted).

> We note that remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. *Not* establishing bias or partiality are expressions of impatience, dissatisfaction, annoyance, and even anger that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune.

*Matassarin*, 174 F.3d at 571 (citations and ellipses omitted).

"[A] federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Sensley v. Albritton*, 385 F.3d 591, 598-99 (5th Cir. 2004) (quotation marks and citation omitted). Moreover, "[c]ourts must take care to ensure that motions for recusal are not abused as a litigation tactic." *Ocean-Oil Expert Witness, Inc. v. O'Dwyer*, 451 Fed. App'x 324, 329 (5th Cir. 2011) (citation omitted). This Court has an obligation to "not recuse [itself] on unsupported, irrational, or highly tenuous speculation," *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citation omitted), and "must not cower before heavy-handed attempts to stifle [its] independence by false attacks on [its] integrity," *United States v. Avilez-Reyes*, 160 F.3d 258, 260 (5th Cir. 1998) (Jones, J., dissenting).

Considering these authorities, Lyon has not shown that disqualification is appropriate. In *Andrews*, an employment discrimination case, the undersigned represented the plaintiff, not the railroad. The facts and knowledge gleaned from that case all related to Mr. Andrews' employment discrimination claim, not the Sarbanes-Oxley issues or law firm racketeering allegations Lyon presents here.[2] Nor does the Order of Recusal in *Harried* support disqualification. There, the Court

---

Any procedural defect is of no moment because the grounds for recusal based on bias or prejudice in § 144 are duplicated in § 455(b)(1). *Bell v. Johnson*, 404 F.3d 997, 1004 n.7 (6th Cir. 2005) (citing *Liteky v. United States*, 510 U.S. 540, 548 (1994)). As a result, the Court will deny the motion on its merits.

[2] The *Andrews* case was filed more than six years ago and was terminated two years later, which was two years before the undersigned was appointed to the bench. Absolutely nothing about the parties or the issues involved in that case justifies this Court's recusal.

3

recused itself because it had a conflict with the plaintiffs, not the railroad.[3]

This Court evaluated the propriety of presiding over this matter in August 2012, the month it was reassigned. At that time, the docket sheet indicated that the case had proceeded through 308 docket entries, that a District Judge and a Magistrate Judge had already recused themselves (another Magistrate Judge was to recuse later), and that motions to disqualify were a common device used by the plaintiff. The Court *sua sponte* reviewed the potential bases for disqualification, anticipating a similar motion.

Then, as now, though, no prior knowledge or relationship supports disqualification, including the two examples specifically raised by Lyon. As such, the Court must carry out its duty to hear the cases assigned to it. The motion to disqualify is denied.[4]

**SO ORDERED**, this the 10th day of January, 2013.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[3] Specifically, the undersigned recused in *Harried* because members of his former law firm were consulted by counsel on matters involved in and related to that case as well as a related case, *Illinois Central Railroad Co. v. Harried*, No. 5:06-cv-160 (S.D. Miss.), while the undersigned was a member of the law firm.

[4] The timing of Lyon's motions for disclosure and disqualification suggests that they were filed because the Court issued several rulings adverse to Lyon, including an Order finding Lyon in contempt of Court. That sense is derived in part from a review of the undersigned's (relatively brief) involvement with this matter, recounted here:

It first bears noting that the defendants had already filed their "Motion for Contempt of Court's July 9, 2012 Order" before the case was reassigned. *See* Docket No. 298. After the case was reassigned to the undersigned, the defendants sought expedited hearing on that motion. Docket No. 329. That request was granted but the hearing was set for approximately four weeks later. *See* Text-Only Order of October 18, 2012 (setting hearing for November 13, 2012). Lyon then filed several motions requesting emergency relief. Docket Nos. 330, 331. The Court scheduled a hearing on those motions for November 5, eight days before the hearing on the defendants' contempt motion. *See* Text-Only Order of October 29, 2012.

On November 5, after a lengthy and comprehensive hearing, the Court denied Lyon's motions from the bench. *See* Text-Only Order of November 5, 2012. On November 13, the Court held a similarly comprehensive hearing on the defendants' motions. In an Order issued the next day, the undersigned wrote that:

> Lyon's behavior indicates a pattern of noncompliance, evasion, and meritless filings. He is sophisticated enough to entangle the judicial system in successive motions and appeals, in which he rehashes points that have been rejected several times. Although Lyon is the party who invoked the Court's authority to adjudicate and resolve disputes, his actions suggest that he will respect that authority only if the Court rules in his favor or on terms he proposes.

Docket No. 353, at 5; *see also id.* at n.6 (noting that Lyon "has been admonished several times for his baseless accusations against the judiciary").

Only two days after entry of that Order, Lyon began to take steps to disqualify the undersigned by filing his motion for disclosure. Docket No. 357. The motion for disqualification followed four days later. Docket No. 360. Thus, the precipitating cause of the present motions appears to be adverse rulings.